**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIELA M. SPIRIDON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1380 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MOVANT'S FIRST MOTION TO FILE AN AMENDED § 2255 MOTION**
**AND INCORPORATED MEMORANDUM IN SUPPORT**

COMES NOW Movant, Daniela M. Spiridon, by and through counsel, and moves this Court to grant her leave to file an Amended § 2255 Motion pursuant to Rule 15 of the Rules of Civil Procedure. In support, Movant states as follows:

### A.  Relevant Procedural History

Ms. Spiridon pleaded guilty to six counts of wire fraud, in violation of 18 U.S.C. § 1343, on April 1, 2013. On August 19, 2014, a judgment of conviction was entered which sentenced Ms. Spiridon to 78 months imprisonment on each count, to run concurrently. No appeal was filed because Ms. Spiridon waived her right to directly appeal her sentence upon her sentencing counsel's erroneous advice that she had no grounds for an appeal. Thus, her sentence became final when her right to file a notice of direct appeal expired on September 2, 2014, fourteen (14) days after the sentence was entered. Fed. R. App. P. 4 (b)(1)(A).

On September 2, 2015, Ms. Spiridon filed a timely *pro se* § 2255 motion. In her motion, she alleged, among other things, her sentencing counsel's failure to:

(1) object to Presentence Report's ("PSR") factual allegations, calculations and recommendations;
(2) submit any evidence in mitigation of movant's sentence;
(3) file a motion for a downward variance;
(4) object to movant's sentence being substantively unreasonable; and
(5) file a Notice of Appeal deprived her of effective assistance of sentencing counsel, a fair and just sentence, and a fair and meaningful appellate review.

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1), at 4.

At the time of and prior to filing her § 2255 motion, Ms. Spiridon had limited investigative and financial resources, and had not been able to obtain counsel to advise her and properly investigate her potential § 2255 claims. She has now had the opportunity to obtain the advice and assistance of undersigned counsel, and now moves to amend her original § 2255 motion for the purpose of supplementing her original allegations with additional facts and legal arguments.

      **B.   Justice Requires That Ms. Spiridon be Granted Leave to Amend her Original § 2255 Motion**

              1.   <u>Amendment should be permitted pursuant to Federal Rule of Civil Procedure 15(a)(2).</u>

"Rule 15 is applicable to § 2255 motions by way of 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts." *United States v. MacDonald*, 641 F.3d 596, 616 n.12 (4th Cir. 2011). Movant admittedly does not fall within the Rule 15(a)(1) time limits for amending as a matter of right, but Rule 15(a)(2) of the Rules of Civil Procedure provides that outside of that period, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (the "mandate [of Rule 15(a)(2) is to be heeded . . . [i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

Here, Defendant's amended pleading narrows the issues before the Court's consideration, raises claims with a level of detail that was impossible before counsel had the

opportunity to complete a more thorough factual investigation into the record, and adds context that explains precisely why each of the claims that remain in the amended 2255 resulted in prejudice to Movant.  No undue delay, bad faith or dilatory motive exists, and as described more fully below, no prejudice will result to the Government by permitting Ms. Spiridon's proposed amendments. It is in the interests of justice that Movant be permitted to amend her original pleading to more fully develop the claims alleged there, and to limit the issues being contested in this proceeding.

2.  Movant's amendments relate back to her original § 2255 motion
pursuant to Federal Rule of Civil Procedure 15(c).

28 U.S.C. § 2255(f) provides a "1-year" statute of limitations on § 2255 motions which, subject to exceptions which do not appear to apply in this case, runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f); *Body v. Mukasey*, 614 F. Supp. 2d 978, 980-81 (D.N.D. 2009) ("The § 2255 one-year statute of limitations begins to run "when the time for filing a direct appeal expires."). Ms. Spiridon timely filed her original § 2255 motion on September 2, 2015, exactly one year from the date on which her judgment of conviction became final. *See* Fed. R. App. P. 4 (b)(1)(A). At this time, the one-year statute of limitations for § 2255 motions in Ms. Spiridon's case is expired.

A petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also MacDonald*, 641 F.3d at 616 n.12. Federal Rule of Civil Procedure 15(c) provides:

> An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading[.]

Fed. R. Civ. P. 15(c)(1)(B). Under this Rule, "an amendment to a pleading shall 'relate back' to the date of the original pleading only if the claim asserted in the original pleading and the

3

claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence." *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).

"The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Craycraft*, 167 F.3d at 457, quoting *In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1283 (8th Cir. 1988). Thus, amended claims must be similar "in time and type" to the claims made in the original § 2255 petition, so as to ensure that the notice requirements underlying the statute of limitations are fulfilled. *Id.*; *see also United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999), *cert. denied*, 528 U.S. 866 (1999) (positing that amendment of a § 2255 motion after the one-year statute of limitations would be permissible under Rule 15(c) "to clarify a claim initially made"); *United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000) (internal quotations omitted) ("an untimely amendment to a § 2255 motion . . . [is permissible when it], by way of additional facts, clarifies or amplifies a claim or theory" contained in the original, timely-filed motion).

Ms. Spiridon's amended § 2255 motion does not raise new claims or theories that were not already set forth in her original pleading. It simply clarifies, narrows, and provides additional factual and legal support for the claims she originally raised. Every issue raised in the amended pleading is therefore similar in time and type, and arose out of the same conduct, transactions, and occurrences, as the claims set forth in Ms. Spiridon's original pleading. The Government was timely put on notice of Ms. Spiridon's claims by the filing of her original petition, so no prejudice will result from the amendments Ms. Spiridon sets forth her Amended § 2255 Motion. The amendments properly relate back to the original pleading under Fed. R. Civ. P. 15(c), and should be permitted in the interest of justice pursuant to Fed. R. Civ. P. 15(a).

WHEREFORE, Movant respectfully requests that this Honorable Court permit Movant to file her Amended § 2255 Motion.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

By:    /S/  John P. Rogers
        JOHN P. ROGERS, #38743MO
        Attorney for Defendant
        120 S. Central Avenue, Suite 130
        Clayton, Missouri 63105
        (314) 862-4332/Facsimile (314)862-8050

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2016, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Robert F. Livergood, assistant United States attorney.

**Movant's First Motion to File an Amended 2255 Motion and Memorandum in Support**

By:    /S/  John P. Rogers
        JOHN P. ROGERS

5