IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIELA SPIRIDON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:15-cv-01380-JAR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Petitioner Daniela Spiridon, filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc.1). On August 10, 2017, the Court set the matter for an evidentiary hearing on September 22, 2017 (Doc. 55), which was subsequently continued to October 12, 2017, and October 20, 2017 (Doc. 58).

In her amended motion (Doc. 39),[1] Petitioner challenges the effectiveness of counsel John Rogers (plea counsel) and Branden Bell (sentencing counsel). Specifically, Petitioner contends that she entered into a plea agreement with the government which, among other things, recommended a total offense level of 20 or 22. (*Id.* at 4). After her guilty plea, Petitioner claims that she provided the United States Probation Office with information regarding her bank accounts and monthly expenses and participated in a financial interview. (*Id.*). In response to the probation officer's requests for additional financial documentation, Petitioner contends that she forwarded a document titled "deed agreement" to the probation officer. (*Id.*). Believing that

---

[1] The Government in its response argues that Petitioner's amended motion is time-barred and the claims contained therein do not relate back to the original motion. (Doc. 43). In light of the general nature of the claims contained in Petitioner's original motion, the Court believes an evidentiary hearing is necessary and can proceed without a ruling on that issue before the hearing.

the deed agreement was a forgery, the Probation Office revised Petitioner's Presentence Investigation Report ("PSR") to include allegations of forgery and obstruction of justice as it related to its suspicions about the deed agreement.

On February 18, 2014, plea counsel filed a motion for leave to withdraw. (*United States v. Daniela Spiridon*, 4:13-cr-00101-JAR-1, (E.D.Mo. August 20, 2014) (hereinafter referred to as "Crim. File"), at Doc. 67). Plea counsel indicated that he was having a difficult time communicating effectively with Petitioner and was under the impression that Petitioner was suffering from psychological difficulties due to emotional distress. (*Id.*). After Petitioner sent the deed agreement to the probation office, plea counsel contended that he recommended that Petitioner undergo a psychological examination to determine whether she was mentally competent to understand the proceedings against her, which Petitioner refused. (*Id.*). Plea counsel asserted that because Petitioner's explicit orders not to seek a psychological evaluation were at odds with plea counsel's understanding and judgment, he was unable to effectively and competently continue to represent her. (*Id.*). The motion to withdraw was granted on February 27, 2014. (Crim. File at Doc. 77).

The Probation Office amended Petitioner's PSR to eliminate the downward adjustment for acceptance of responsibility and added a two-level enhancement for obstruction of justice. Crim. File at Doc. 80). Sentencing counsel entered his appearance on behalf of Petitioner and filed objections to the PSR, arguing that the allegedly misleading deed agreement was immaterial and should not result in the elimination of the downward adjustment. (Crim. File at Doc. 104). The final PSR reduced the specific offense characteristics to sixteen levels, rather than eighteen, but the adjustment for obstruction of justice remained. (Crim. File at Doc. 110).

2

On August 19, 2014, the sentencing hearing was held. Petitioner contends that the Government stated on the record that in exchange for Petitioner withdrawing her objections to the PSR, it agreed that the amount of loss was less than $2.5 million. (Doc. 39 at 11). Sentencing counsel acknowledged that this was the agreement, and the Court sentenced Petitioner to 78 months imprisonment.

Accordingly,

**IT IS HEREBY ORDERED** that the evidentiary hearings on October 12, 2017, and October 20, 2017, will address what the Court believes to be material issues of fact that cannot be resolved or refuted by the record with respect to Petitioner's claims that defense counsel rendered ineffective assistance of counsel by (1) failing to review and advise Petitioner regarding the deed agreement that she submitted to the Probation Office, (2) failing to investigate the Government's allegation that Petitioner forged the deed agreement, which violated her plea agreement, and (3) advising Petitioner to concede the alleged forgery in exchange for the Government's agreement that the total loss was less than $2.5 million.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October. 2017.